

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,    ) | No. 76296-6-I |
|             Respondent,   ) | DIVISION ONE |
|        v.   ) | UNPUBLISHED OPINION |
| DEREK CLINTON YATES,   ) | |
|             Appellant.   ) | FILED: November 13, 2018 |

BECKER, J. — Appellant Derek Yates was convicted of theft in the first degree. The victim, Eleanor Ludwig, was an octogenarian suffering from dementia. She initially hired Yates as a handyman. Over time their financial affairs became intertwined, and Yates obtained almost $300,000 of Ludwig's money. We conclude the evidence was sufficient to prove theft.

Eleanor Ludwig was born in 1928. According to testimony at trial, she earned her living as a schoolteacher. Having a shrewd mind for business, Ludwig accumulated a portfolio of rental properties in the Seattle area. She owned 15 properties as of 2012.

Ludwig's friends and family began to notice a decline in her mental faculties around the time of her husband's death in 2010. Ludwig increasingly became confused and anxious. Her office and desk—formerly neatly organized—became messy and cluttered with piles of unfiled papers.

In 2011 Ludwig met Yates. Yates initially worked for her as a handyman. Ludwig's granddaughter, who saw her regularly, noticed that as time went on, Yates's role progressed beyond that of a simple handyman. He became a fixture in Ludwig's life and the focus of her conversations. Ludwig was observed to be paying him in cash, contrary to her usual practice. Between August 2011 and March 2012, Ludwig and Yates purchased three condominiums together. They were both listed on the titles, though Ludwig paid the full purchase price. Yates renovated the units and collected rent.

In February 2012, Yates's requests for money increased dramatically. Ludwig began dipping into her savings to satisfy Yates's demands.

Ludwig's friends and family became alarmed. In September 2012, Ludwig's granddaughter exercised her power of attorney to stop any further payments to Yates. She contacted the Auburn Police Department.

Health care professionals interviewed Ludwig and concluded that she was suffering from dementia. The State charged Yates with one count of theft in the first degree in March 2015. The jury was instructed on two alternative means of theft: that Yates "wrongfully obtained" property belonging to Ludwig, or that he obtained control over her property by "color and aid of deception." The State was required to prove that the property exceeded $5,000 in value.

Ludwig's severe dementia prevented her from testifying at the trial. The State relied on testimony from friends, family, and financial experts to prove that Yates obtained Ludwig's money by theft. The jury convicted Yates as charged and found as an aggravating factor that he knew or should have known that

Ludwig was particularly vulnerable. With the aggravating factor, the sentence was a prison term of 26 months.

Yates contends the evidence was insufficient to prove either means of theft. He argues that without testimony from Ludwig, "the best the State could prove was that Mr. Yates received a substantial amount of money from Ms. Ludwig." According to Yates, Ludwig's dementia accelerated only after his arrest and she displayed minimal symptoms during the charging period of September 2, 2011 to September 5, 2012. He argues there is nothing but speculation to support the allegation that he took advantage of Ludwig.

The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom. Salinas, 119 Wn.2d at 201. When viewed in the light most favorable to the State, the evidence and reasonable inferences to be drawn therefrom tell a different story.

The evidence showed that Ludwig suffered from dementia during the charging period. On September 12, 2012, John Ramsdell, a geriatric mental health crisis assessor, conducted an evaluation of Ludwig. Ramsdell assigned Ludwig a score of 14 out of 30, indicating Ludwig was suffering from moderate to severe dementia. He described the test at trial and testified that Ludwig

3

struggled with tasks such as simple arithmetic, naming animals, and memory exercises.

Ramsdell's diagnosis was consistent with testimony by Ludwig's friends and family. They gave examples of Ludwig's confusion in the early months of 2012, including forgetting her first husband, forgetting that her daughter had passed away, and getting lost on her way to a friend's house.

The State's financial analyst determined that, of a total of $297,125 Yates obtained from Ludwig, only $42,836 could be attributed to material related to his renovation activities. More than $150,000 in cash was withdrawn from Yates's bank accounts with no documentation or receipts. When receipts were available, they showed that Yates spent Ludwig's money on water parks, casinos, and retail shopping. A vintage truck, purchased by Yates with a "loan" from Ludwig that was supposed to be paid back, was not found and the loan was never repaid.

The jury heard testimony that Ludwig was fearful of Yates and that Yates acted aggressively when it came to obtaining money from Ludwig. The jury also heard testimony that Ludwig could not remember giving Yates as much money as she did and that she became confused and upset when shown her financial records. Ludwig's tenants testified that Yates began collecting rent on Ludwig's behalf. This rental income was never delivered to Ludwig.

The evidence described above was sufficient to lead a reasonable fact finder to conclude that Yates wrongfully obtained more than $5,000 of Ludwig's property. To "wrongfully obtain" means to take without consent. The argument

that property, once voluntarily given, cannot be stolen, "is inconsistent with our case law." State v. Woodlyn, 188 Wn.2d 157, 168, 392 P.3d 1062 (2017). As one example, Yates spent $5,200 of Ludwig's money for a travel trailer, then got the money back and never returned it to Ludwig. A jury could find the money was obtained wrongfully because it should have been returned and was not. The evidence was also sufficient to prove that Yates used deception to obtain large amounts of cash from Ludwig. As one example, he told her $25,000 was needed to fix a black mold problem in one of her properties. The black mold problem was fictional. A jury could find that Yates deceived Ludwig into giving him money to fix a problem and then keeping the money for his personal use.

Yates contends it is uncertain that the jury verdict was unanimous as to the means by which he committed theft. "But in alternative means cases, where substantial evidence supports both alternative means submitted to the jury, unanimity as to the means is not required." State v. Armstrong, 188 Wn.2d 333, 340, 394 P.3d 373 (2017). Because both alleged means of theft were proved by substantial evidence, there was no problem related to the requirement for juror unanimity.

Affirmed.

Becker, J.

WE CONCUR: